■ CITY OF NEW YORK et al., Respondents, v APRES BODY REPLACEMENT, INC., Also Known as ELKE APRES REPLACEMENT, INC., et al., Appellants. — Judgment, Supreme Court, New York County (Leonard Silverman, J.), entered June 2, 1982, modified, on the law and the facts, without costs, only to the extent of vacating the judgment as against appellant Anne Pickford and remanding the matter for a new assessment as against that defendant, and otherwise affirmed. The appeal from the order (same court, Andrew R. Tyler, J.), entered December 24, 1981, granting plaintiffs partial summary judgment on the second cause of action, is dismissed as subsumed in the appeal from the said judgment, without costs or disbursements. The action was brought, *inter alia,* to impose statutory penalties for violations of section B32-483 of the Administrative Code of the City of New York, which makes it unlawful for a dealer to sell, rent, fit, repair, service or adjust products for the disabled without securing a license. The corporate defendant had been engaged in the business of fitting and selling custom breast prostheses to women who have had surgical mastectomies. Defendants concede that they did not secure a license. After receipt and investigation of more than 30 consumer complaints against defendant, Apres Replacement, Inc., the city and the Commissioner of the Department of Consumer Affairs instituted an action to impose a penalty of $100 per day for every day during which the unlicensed business had operated (Administrative Code, § 773-5.0). After partial summary judgment had been granted, the matter proceeded to an assessment, whereupon plaintiffs were awarded judgment in the sum of $27,500 against each defendant. Subdivision c of section B32-482 of the Administrative Code defines "disabled" as "a person who has a physical or medical impairment resulting from anatomical or physiological conditions which prevents the exercise of a normal bodily function or is demonstrable by medically accepted clinical or laboratory diagnostic techniques." The term "products for the disabled" includes "prosthetic devices" except prosthetic dental devices (Administrative Code, § B32-482, subd d). Contrary to the position assumed by appellants, we find the code provisions sufficiently broad in scope to include women who have had a surgical mastectomy procedure. However, it is undisputed on this record that appellant Pickford did not appear and was not represented upon the assessment hearing. Nor does it appear that she was afforded notice that such a hearing would be held. At the conclusion of the hearing, the Justice presiding directed entry of judgment only as against the corporation and defendant Elke Mack, but not against Pickford. Respondents agree that judgment should not have been entered against Pickford and, accordingly, we remand for a new trial but solely on damages as to her. We have examined the remaining contentions advanced by appellants and find them lacking in merit. Concur — Sandler, J. P., Ross, Fein, Lynch and Kassal, JJ.